# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# Abingdon Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:08cr00024-11 |
| OEDIPUS LAVAR MUMPHREY, ) | **MEMORANDUM ORDER** |
| Defendant ) | |
| ) | |

This matter came before the undersigned on the Request For Admission Pro Hac Vice filed on behalf of the defendant, (Docket Item No. 260), ("the Motion"). The Motion seeks to allow Andrew S. Roskind and Norman D. McKellar, attorneys in good standing licensed to practice law in Tennessee, to appear in this matter pro hac vice on behalf of the defendant. Roskind appeared before the court on the Motion on June 13, 2008. Roskind represented to the court that friends of the defendant had retained him and his law partner, McKellar, to represent the defendant before this court. Roskind further requested that he and McKellar be admitted pro hac vice and allowed to enter an appearance on behalf of the defendant in addition to his court-appointed counsel, Robert C. Hagan Jr.

Roskind further represented that the funds used to retain him and McKellar were paid by persons who had no legal obligation to provide any funds to the defendant for his defense. He stated that the defendant has no control, claim or access to the funds paid to them and that he had no reason to believe that these persons could or would pay any additional sums toward the defendant's defense. Roskind stated that he and McKellar understood that if they entered an appearance on behalf of the

- 1 -

defendant, they would represent the defendant, and that they had explained this to the persons who had retained them on the defendant's behalf. Roskind stated that he knew of no conflict of interest currently presented by their being retained by third parties to represent the defendant and that he would immediately notify the court should any such conflict arise in the future. Roskind stated that, while he preferred to represent the defendant as co-counsel with his local court-appointed attorney, he knew of no reason why he and McKellar could not adequately represent the defendant in this matter, assuming that they would be able to apply to the court for funds to obtain investigative, expert or other services as necessary. The defendant also appeared before the court on June 13 and stated that he wished to be represented by Roskind and McKellar, but that he would prefer that they be allowed to represent him along with his court-appointed counsel.

In support of the request to be allowed to represent the defendant without the withdrawal or removal of the defendant's court-appointed counsel, Roskind provided the court with the case of *United States v. Zelenka*, 112 F. Supp. 2d 708 (M.D. Tenn. 1999). In the *Zelenka* case, the defendant requested and was appointed court-appointed counsel based on the court's finding that he was "financially unable to retain counsel." 18 U.S.C.A. § 3006A(b) (West 2000 & Supp. 2008). Subsequent to the appointment of counsel in the *Zelenka* case, "friends" of the defendant retained a private attorney who filed a notice of appearance to act as "co-counsel" with the court-appointed attorney. Based on the court's findings that the defendant had no control over, claim to or access to the funds used to retain counsel, and that the interests of justice would not be served by removing court-appointed counsel at that stage in the proceedings, the court allowed the retained attorney to enter an appearance in the case

while allowing the defendant to continue to be represented by court-appointed counsel. In particular, the court held that since the defendant's financial condition had not changed, he remained "financially unable to retain counsel" and, therefore, remained eligible to be represented by court-appointed counsel under 18 U.S.C. § 3006A(b).

Based on my research, I can find no other federal court opinion that has adopted the reasoning of *Zelenka*.[1] Furthermore, I am not persuaded that either the Sixth Amendment or 18 U.S.C. § 3006A requires this court to provide appointed counsel for a defendant who has counsel to represent him. The Sixth Amendment of the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The courts have held that the Sixth Amendment's right of counsel guarantees that a defendant who cannot afford to hire an attorney has an absolute right to have counsel appointed for him by the court. *See Johnson v. Zerbst*, 304 U.S. 458, 463 (1938); *United States v. Johnson*, 659 F.2d 415, 416 (4th Cir. 1981). The courts also have held that the Sixth Amendment protects a defendant's right to hire and be represented by counsel of his choice, subject to limited exceptions. *See United States v. Inman*, 483 F.2d 738, 739-40 (4th Cir. 1973) (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). This right to be represented by counsel of the defendant's choosing does not, however, extend to a defendant who requires the appointment of counsel. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

---

[1] The court is aware of at least one other federal case from the Eastern District of Tennessee, *United States v. Bennett*, 2008 WL 356529 (E.D. Tenn. Jan. 30, 2008), in which the court refused to adopt the reasoning of the *Zelenka* case upon similar motion filed by McKellar.

Section 3006A states:

> … In every case in which a person entitled to representation … *appears without counsel*, the United States magistrate judge or the court shall advise the person that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel.

18 U.S.C.A. § 3006A(b) (West 2000 & Supp. 2008) (emphasis added). Thus, the language of the statute itself recognizes that the Sixth Amendment right to appointed counsel exists only in those cases where a defendant "appears without counsel." Federal Rule of Criminal Procedure Rule 44 also states: "A defendant who is *unable to obtain counsel* is entitled to have counsel appointed…." FED. R. CRIM. P. 44 (emphasis added).

In this case, not one, but two attorneys have been retained to represent the defendant. The defendant has appeared before the court and stated that he desires to be represented by these attorneys. Also, it appears to the court that 18 U.S.C. §3006A(e) allows the court to provide funding to obtain investigative, expert or other services necessary for the adequate representation of any defendant who is "financially unable" to obtain such services, whether he is represented by appointed or retained counsel.[2] 18 U.S.C.A. § 3006A(e)(1) (West 2000 & Supp. 2008).

Based on the above, the court's review of the Motion and the arguments and representations presented on June 13, the Motion is **GRANTED** insofar as Roskind

---

[2] Both the defendant and counsel should be aware, however, that should they move to obtain court payment for such services, the court may be required to conduct a more rigorous examination of the defendant's financial condition, including examining the source and amount of funds provided for his defense to date.

- 4 -

and McKellar shall be admitted to practice pro hac vice in this case and shall be allowed to enter an appearance on behalf of the defendant with the understanding that, if they do so, the court will relieve court-appointed counsel of any further responsibility in this case. Is it further **ORDERED** that any such notice of appearance by Roskind and McKellar must be filed by no later than July 3, 2008. If such notice is not filed by this date, court-appointed counsel will continue to represent the defendant.

The Clerk's Office shall provide a copy of this Order to all counsel of record and to Roskind and McKellar.

ENTER: June 25, 2008.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

- 5 -

Case 1:08-cr-00024-JPJ-RSB   Document 370   Filed 06/25/08   Page 5 of 5   Pageid#: 5826